Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4247 | **DATE** | July 22, 2010 |
| **CASE TITLE** | James D. Lewis (2008-0066593) and Derrick Carpenter (2008-0070837 vs. Dart, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff James D. Lewis's motion for leave to proceed *in forma pauperis* [3] and Derrick Carpenter's motion for leave to proceed *in forma pauperis* [4] are granted. The initial filing fee is waived as to Plaintiff Carpenter. The Court authorizes and orders Cook County Jail officials to deduct $6.60 from Plaintiff Lewis's account and to continue making monthly deductions as to both Plaintiffs in accordance with this order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. However, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state an actionable federal claim. The case is terminated. This dismissal counts as one of Plaintiffs' three allotted dismissals under 28 U.S.C. § 1915(g).

■[For further details see text below.]      Docketing to mail notices.

## STATEMENT

     Plaintiffs, pretrial detainees at Cook County Jail, have brought this *pro se* civil rights putative class action pursuant to 42 U.S.C. § 1983.

     Plaintiffs are granted leave to file *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), the initial filing fee is waived as to Plaintiff Carpenter and Plaintiff Lewis is assessed an initial partial filing fee of $6.60. The trust fund officer at Plaintiffs' current place of incarceration is ordered to collect, when funds exist, the partial filing fee from Plaintiffs' trust fund accounts and pay it directly to the Clerk of Court. After payment of any initial partial filing fee, the trust fund officer is authorized to collect monthly payments from Plaintiffs' trust fund accounts in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiffs' trust fund accounts shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiffs' name and the case number assigned to this action.

     Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt review of the complaint.

     Lewis alleges that he was arrested without a warrant on April 19, 2007. Following his arrest he was taken to the police station and questioned. Later, he was charged by information with aggravated kidnaping. On or about April 22, 2007, Lewis was transported to Cook County Jail where he received a hearing by way of a two-way closed circuit television system and his case was continued to April 30, 2007. On April 30, 2007, the case was again continued to May 14, 2007. That same day Lewis was informed that he had been indicted by a grand jury.

     Carpenter alleges that he was arrested without a warrant on September 25, 2008. Following his arrest he was taken to the police station and questioned. Later, he was charged by information with attempted first degree murder. On or about September 28, 2008, Carpenter was transported to Cook County Jail, where he received a hearing by way of a two-way closed circuit television system and his case was continued to October 2, 2008, for a preliminary hearing. On October 2, 2008, the case was continued to October 17, 2008. On October 17, 2008, Carpenter was indicted by a grand jury.

     Plaintiffs allege that during the first hearings that were held by way of a two-way closed circuit television system, the judge found "probable cause" and then scheduled a preliminary hearing in accordance with 725 ILCS

# STATEMENT

5/109-1. However, Section 5/109-1 does provide the judge authority to find probable cause and probable cause must be made either through a preliminary hearing or an indictment. Thus, Plaintiff's allege, the thirty day window to hold the preliminary hearing is contrary to the requirement that a probable cause hearing be held within 48 hours of an arrest pursuant to *Gerstein v. Pugh*, 420 U.S. 103 (1975) and *County of Riverside v. McLaughlin*, 500 U.S. 44 (1991).

"[T]he Fourth Amendment requires a judicial determination of probable cause as a prerequisite to extended restraint of liberty following arrest." *Gerstein*, 420 U.S. at 114. Generally, a judicial determination of probable cause within 48 hours of arrest passes constitutional muster. *McLaughlin*, 500 U.S. at 56, 63. The sole issue in the initial probable cause determination, generally referred to as a *Gerstein* hearing, "is whether there is probable cause for detaining the arrested person pending further proceedings." *Gerstein*, 420 U.S. at 120. The *Gerstein* hearing is not an adversarial hearing and does not require a full panoply of adversary safeguards, *i.e,* the appointment of counsel, confrontation, and cross-examination. *Gerstein*, 120 U.S. at 120.

In Illinois, an individual who is "arrested with or without a warrant is to be taken without unnecessary delay before the nearest and most accessible judge . . . and a charge shall be filed." 725 ILCS 5/109-1(a). The charge may filed by way of a two-way closed circuit television system. 725 ILCS 5/109-1(a). The statute provides that the judge: (1) inform the arrestee of the charge against him and provide a copy of such charge; (2) advise the arrestee of his right to counsel and if the arrestee is indigent, appoint counsel for the arrestee; (3) "[s]chedule a preliminary hearing in appropriate cases;" and (4) admit the arrestee to bail. 720 ILCS 5/109-1(b).

Illinois law further provides that any individual in custody for the alleged commission of a felony must receive either a preliminary examination or an indictment by a Grand Jury within 30 days from the date he is taken into custody. 725 ILCS 5/109-3.1(b). "The purpose of the preliminary examination [pursuant to the Illinois preliminary hearing statute] is to judicially determine if there is probable cause to hold the accused for trial, to inform of the charges against him, fix bail, and perpetuate testimony." 725 ILCS 5/109 *et seq*., Committee Comment-1963. However, an arrestee does not have a Constitutional right to a preliminary hearing for a determination of whether there is probable cause to bind him over for trial; instead, the prosecutor may initiate the criminal proceedings directly, for example, with an indictment by a Grand Jury. *Lem Woon v. Oregon*, 229 U.S. 586, 590 (1913); *People v. Kline*, 92 Ill. 2d 490, 500 (1982); *People v. Grew*, 69 Ill. App. 3d 663, 668 (1979); *Kline v. Lane*, 707 F. Supp. 368, 372 (N.D. Ill. 1989); *Pressley v. Brownfield*, Case No. 93 C 0961, 1995 WL 38968 at * 2 (N.D. Ill. Jan. 30, 1995) (Grady, J.). Here, Plaintiffs allege that they were arrested without a warrant and shortly thereafter received a hearing by a judge via a two-way closed circuit television system. Plaintiffs further allege that during the hearing the judge "uttered" the words "probable cause." Plaintiffs also received a future preliminary hearing date to take place within 30 days of their arrests. However, both Plaintiffs were indicted by grand juries prior to their scheduled preliminary hearing. Plaintiffs allege that this process violates the Constitution because Section 5/109-1 gives the judge authority to make a probable cause determination and because the preliminary hearing can take place up to 30 days after arrest, in violation of *Gerstein and McLuaghlin*.

Plaintiffs' allegations fail to state a claim upon which relief can be granted. Plaintiffs were before a judge consistent with 725 ILCS 5/109-1 following their arrest without a warrant. At this initial hearing, the judge found probable cause for the Plaintiffs' warrantless arrest as required by *Gerstein*. The judge did not need authorization from the Illinois statute to make a probable cause determination consistent with the requirements of the Fourth Amendment. Nor did this initial probable cause determination need to be an adversarial hearing. *Gerstein*, 120 U.S. at 120. The subsequently scheduled preliminary hearing is not the state's attempt to comply with the requirements of the Fourth Amendment. Instead, the preliminary hearing is one method of initiating the criminal proceedings against an accused. The "probable cause" determination in the preliminary hearing is to determine if there is a reason to hold the accused over for trial, not whether there was probable cause to arrest and detain as required by *Gerstein*. *See Gerstein*, 420 U.S. at 119 (noting that a *Gerstein* hearing with a full panoply of adversary safeguards that was required by the lower courts (and rejected by the Supreme Court as to a *Gerstein* hearing) was modeled after the procedure used in many states to determine whether the evidence justifies going to trial under an information or presenting the case to a grand jury); *Williams v. Kobel*, 789 F.2d 463, 468-69 (7th Cir. 1986) (discussing the distinction between the probable cause determination under Illinois law at the preliminary hearing for binding over for trial and the probable cause required to make a warrantless arrest). Thus, Plaintiffs' allegations demonstrate that, consistent with the Fourth Amendment, they received a timely *Gerstein* hearing where probable cause for their warrantless arrest was found. Consistent with Illinois law, because Plaintiffs were subsequently indicted by a grand jury, a preliminary hearing was not required.

Plaintiffs also appear to take issue with the Illinois procedure in general, because it allows for 30 days before a

| STATEMENT |
|---|

preliminary hearing is required to take place and allows the state to indict the accused during this 30 day time frame, taking away the accused's chance of taking part in the preliminary hearing that allows a full panoply of adversary safeguards. However, it is well-settled that this procedure is consistent with due process and equal protection. *See Len Woon*, 229 U.S. at 590; *Kline*, 92 Ill. 2d at 500; *Grew*, 69 Ill. App. 3d at 668; *Kline*, 707 F. Supp. at 372; *Pressley*, 1995 WL 38968 at * 2.

Based on the above, Plaintiffs' complaint is dismissed for failure to state a claim upon which relief can be granted.

Plaintiffs are warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If Plaintiffs wish to appeal this dismissal, they may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiffs plan to present on appeal. *See* Fed. R. App. P. 24(a)(1)(c). If Plaintiffs do choose to appeal, they will be liable for the $450 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiffs may also accumulate another "strike."